# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ADOLPH & CERESIA PRODUCE CO., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 4:22-CV-00909 |
| ST. LOUIS PRODUCE LLC, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff ADOLPH & CERESIA PRODUCE CO. ("Plaintiff"), by and through undersigned counsel, complains of Defendant ST. LOUIS PRODUCE LLC ("Defendant") as follows:

## INTRODUCTION

1. This action arises out of Defendant's failure to comply with that certain Order Denying Respondent's Petition to Reopen After Default (the "Reparation Order") issued by the Department of Agriculture ("USDA") on July 29, 2021.

2. Plaintiff initiates this action pursuant to 7 U.S.C. § 499g(b) to enforce the Reparation Order.

## THE PARTIES

3. Plaintiff is a corporation organized under the laws of the State of Missouri with its principal place of business located at 28 Produce Row, St. Louis, Missouri 63102.

4. Defendant is, and at all times material hereto was, a limited liability company organized under the laws of the State of Missouri with its principal place of business located at 508 Droste Road, St. Charles, Missouri 63301. Defendant may be served with process in this action through its registered agent Joshua Allen Blassingame at 508 Droste Road, St. Charles, Missouri 63301.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 7 U.S.C. § 499g(b) and 28 U.S.C. § 1331.

6. Venue is proper in this district pursuant to 7 U.S.C. § 499g(b) and 28 U.S.C. § 1391(b) because Defendant maintains its principal place of business in this district.

## FACTUAL ALLEGATIONS

7. At all times relevant herein, Defendant was engaged in the business of buying and selling fresh fruits and vegetables the USDA expressly recognizes as perishable agricultural commodities covered under the provisions of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a *et seq.* ("PACA").

8. At all times relevant herein, Defendant was operating as a commission merchant, dealer, and/or broker which handled perishable agricultural commodities in interstate or foreign commerce.

9. Between September 22, 2020 and December 31, 2020, Defendant was licensed or was subject to license pursuant to 7 U.S.C. § 499c(a).

10. Between September 22, 2020 and December 31, 2020, Plaintiff agreed to deliver to Defendant fresh fruits and vegetables (collectively, the "Commodities") at the combined price of $44,886.00 plus interest at the rate of eighteen percent (18%) per annum and on terms evidenced by forty-eight (48) separate sales order invoices (collectively, the "Invoices").

11. Pursuant to the Invoices, between September 22, 2020 and December 31, 2020, Defendant picked up from Plaintiff's loading point located in St. Louis, Missouri the kind, quality, and grade of Commodities called for in the Invoices and in the manner agreed upon.

12. Pursuant to the Invoices, Defendant agreed to remit payment to Plaintiff within

twenty-one (21) days of the date of each Invoice.

13. As of the date hereof, Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiff for the full amount of the Commodities plus interest pursuant to the Invoices in violation of 7 U.S.C. § 499b.

14. Pursuant to 7 U.S.C. §499f(a), on April 30, 2021, Plaintiff timely filed with the Secretary of Agriculture its complaint (the "Complaint") alleging Defendant's violation of 7 U.S.C. § 499b. A true and correct copy of the Complaint is attached hereto as **Exhibit A** and is incorporated herein by reference.

15. A copy of the Complaint was served on Defendant on May 5, 2021 pursuant to 7 U.S.C. §499f.

16. On June 22, 2021, the USDA entered a Default Order finding that Defendant violated 7 U.S.C. § 499b and ordering Defendant to pay Plaintiff, as reparation, $44,886.00 with interest at the rate of eighteen percent (18%) per annum from February 1, 2021 to June 22, 2021, interest at the rate of 0.08% per annum on the amount of $44,886.00 from June 22, 2021 until paid, and $500.00 representing Plaintiff's costs incurred in filing the Complaint. A true and correct copy of the Default Order is attached hereto as **Exhibit B** and is incorporated herein by reference.

17. On July 9, 2021, Defendant filed a Petition to Reopen After Default (the "Petition to Reopen") wherein it alleged it was not properly served with the Complaint. A true and correct copy of the Petition to Reopen is attached hereto as **Exhibit C** and is incorporated herein by reference.

18. Defendant does not dispute in the Petition to Reopen that it owed Plaintiff $44,886.00 and interest as of the date of the Complaint.

19. Upon reconsideration of the evidence and the for the reasons cited in the Reparation Order, the USDA entered the Reparation Order finding that Defendant's claim of improper service

was without merit and that there was no "good reason" for reopening the proceeding. A true and correct copy of the Reparation Order is attached hereto as **Exhibit D** and is incorporated herein by reference.

20. The Reparation Order denied Defendant's Petition to Reopen, affirmed the Default Order, and awarded Plaintiff, as reparation, $44,886.00, interest at the rate of eighteen percent (18%) per annum from February 1, 2021 until July 29, 2021, interest at the rate of 0.08% per annum on the amount of $44,886.00 from June 29, 2021 until paid, and $500.00.

21. Pursuant to the Reparation Order, Defendant was required to pay the full award by October 29, 2021, which it has failed and refused to do.

## COUNT I
## ENFORCEMENT OF THE REPARATION ORDER

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 21 as though fully set forth herein.

23. Pursuant to 7 U.S.C. § 499g(b), if the reparation award is not paid within the time specified in the Reparation Order, Plaintiff is entitled to commence the instant proceeding in this Court to enforce the Reparation Order and to recover its costs and attorneys' fees in this proceeding if Plaintiff prevails.

24. Further, pursuant to 7 U.S.C. § 499g(b), the USDA's findings shall be prima facie evidence of the facts therein stated. Plaintiff therefore presents the Default Order and Reparation Order as prima facie evidence of its case against Defendant.

WHEREFORE, Plaintiff Adolph & Ceresia Produce Co. respectfully requests the Court: (a) enter judgment in Plaintiff's favor and against Defendant enforcing the Reparation Order, (b) enter judgment in Plaintiff's favor and against Defendant for the principal amount of $44,886.00 and for interest thereon at the rate of eighteen percent (18%) per annum from February 1, 2021 until July 29,

4

2021, for interest at the rate of 0.08% per annum on the amount of $44,886.00 from June 29, 2021 until paid, for $500.00 representing Plaintiff's USDA filing fee, and for Plaintiff's costs and reasonable attorneys' fees in this action, and (c) for such other and further relief as the Court deems just and proper.

Date: August 30, 2022.                    Respectfully submitted,

                                            CARMODY MACDONALD P.C.

                                            By: */s/ Christopher J. Lawhorn*
                                                Christopher J. Lawhorn, #45713MO
                                                Samuel C. Freelund, #73707MO
                                                120 S. Central Avenue, Suite 1800
                                                St. Louis, Missouri 63105
                                                (314) 854-8600
                                                (314) 854-8660 - FAX
                                                cjl@carmodymacdonald.com
                                                scf@carmodymacdonald.com

                                            ATTORNEYS FOR PLAINTIFF